UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEREMY SCHUH,

               Plaintiff,               Case No. 1:07-cv-725

v.                                                 Honorable Robert J. Jonker

J. DYKSTRA et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On September 27, 2007, this Court ordered service of Plaintiff's complaint on Defendants J. Dykstra, Tom Lee, John Prelesnik, James Armstrong and Heidi Washington. On November 27, 2007 Defendants Dykstra, Prelesnik, Armstrong and Washington filed a motion for summary judgment (docket #19) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #25). Defendant Lee subsequently filed a motion for summary judgment incorporating the arguments of the other Defendants (docket #33), and Plaintiff filed a response (docket #39). I recommend that Defendants' motions for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be denied.

       Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Ionia Maximum Correctional Facility, though the actions he complains of occurred while he was housed at the Richard A. Handlon Training Unit (MTU). In his *pro se* complaint, he sues MDOC Director of Prisoner Affairs James Armstrong, MDOC Administrative Assistant Heidi Washington, and the following MTU employees: Warden John Prelesnik, Food Service Director Tom Lee, and Food Service Supervisor J. Dykstra. Plaintiff alleges that Defendants either intentionally or negligently fed him chicken contaminated with the salmonella bacteria that resulted in salmonella poisoning and sepsis syndrome. Plaintiff experienced severe nausea and diarrhea and lost significant weight. He ultimately was hospitalized and was advised that he nearly died from the infection and suffered liver and spleen damage.

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520;

*Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

In interpreting the PLRA, it is appropriate to look for guidance to the substantively similar exhaustion rules applicable in habeas cases. *Woodford*, 548 U.S. at 88. In the habeas corpus context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "To 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . ." *Id.* at 848 (citation omitted; emphasis in original). In habeas, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford*, 548 U.S. at 93. To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003)

Under the procedural default component of § 1997e(a), an inmate's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with

the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005); *Spruill v. Gillis*, 372 F.3d 218, 222 (3rd Cir. 2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the Federal Constitution or the intended purposes of § 1997e(a). *See Spruill*, 372 F.3d at 232.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In his complaint, Plaintiff alleges that he properly exhausted his available remedies against all Defendants by filing Grievance No. MTU-05-07-0631-09c and appealing the decision through all three steps of the grievance process. Defendants argue that the grievance was not properly exhausted because Plaintiff failed to allege in his grievance that he had attempted to resolve the dispute before filing his grievance. *See* MDOC Policy Directive 03.02.130, ¶ R. They also argue that Plaintiff failed to name any Defendant in his grievance as required under the policy. *Id.* at ¶ T.

In *Woodford*, the Supreme Court held that the exhaustion requirement was not satisfied when a grievance was dismissed on the grounds that the prisoner had failed to comply with the procedural requirements of the grievance policy because the grievance process had not been properly exhausted. 548 U.S. 81. In this case, then-existing policy required Plaintiff to attempt to resolve his concern orally before filing his grievance, *id.* at ¶ R, and to name all Defendants in his grievance, *id.* at ¶ T. However, while Plaintiff arguably did not follow the grievance policy precisely, prison officials did not rely on the default by rejecting the grievance for failure to comply. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (the doctrine of procedural default is applicable only where the rule is actually relied upon by the state courts); *see also Woodford*, 548 U.S. at 92 (applying the doctrine of procedural default as it governs habeas corpus petitions). Plaintiff's grievance was not rejected for either failing to attempt to resolve his complaint before filing a grievance or for failing to name any individual in his grievance. Instead, at all three steps of the grievance process, the grievance was addressed on the merits. When an administrative agency addresses an inmate's grievance and appeals on the merits, the agency has found that the inmate satisfied the required critical procedural rules. *See Woodford,* 548 U.S. at 90 (if the agency addresses a grievance on the merits, then the inmate has "us[ed] all steps that the agency holds out, and do[ne] so properly"). Accordingly, Petitioner properly exhausted the claims raised in his grievance. The claims are exhausted as to all Defendants involved in the alleged constitutional deprivations.

Defendants next address three grievances filed by Plaintiff directly to Step III of the grievance process; Direct Grievance No. 180686, 03d; Direct Grievance No. 180687,09z; and Direct Grievance No. 181622, 03d. Defendants argue that none of the three direct grievances were processed at Step III and therefore none exhausted Plaintiff's claims. Regardless of whether the three direct grievances are properly exhausted, they are irrelevant to the question whether Plaintiff

properly exhausted the claims raised in his complaint. Since Plaintiff fully exhausted his available remedies in Grievance No. MTU-05-07-0631-09c, no further exhaustion was required.

For the foregoing reasons, I recommend that the motions for summary judgment filed by Defendants J. Dykstra, John Prelesnik, James Armstrong and Heidi Washington (docket #19) and Defendant Thomas Lee (docket #33) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 10, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).