UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,

        Plaintiff,

                              CASE NO. 1:07-cv-725

v.

                              HON. ROBERT J. JONKER

J. DYKSTRA, et. al.,

        Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 41) filed on December 10, 2008. Defendants filed their Objections to the Report and Recommendation (docket # 42) on December 12, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motions for summary judgment (docket ## 19, 33) be denied. Magistrate Judge Greeley concluded that Plaintiff's claims were properly exhausted as to all defendants in this case. Defendants object to the Report and Recommendation on the grounds that Plaintiff failed to attempt to resolve his dispute orally, and failed to name in his prison grievance the individual defendants later named in his complaint. After a de novo review of the record, the Court agrees with Magistrate Judge Greeley that Plaintiff's claims are properly exhausted in this case.

A state prison inmate must properly exhaust his or her claims before filing a complaint in federal court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); 42 U.S.C. § 1997e(a). Proper exhaustion generally requires that the prisoner "complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 88. However, where prison officials reject the prisoner's grievance on the merits without invoking any procedural rules, the prisoner's claims are deemed properly exhausted. *Cf. Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (noting that, in habeas cases, a prisoner's federal claim may be barred by a state procedural rule only if the state court actually relied on that rule in denying the prisoner's requested relief); *Woodford*, 548 U.S. at 92 (noting that the habeas rules concerning procedural default are similar to the failure-to-exhaust sanctions applicable to prisoners under the Prison Litigation Reform Act).

In this case, there is no dispute that the prison officials addressed and rejected Plaintiff's grievance on the merits. At no stage of the grievance process did any prison official mention Plaintiff's failure to attempt to resolve the dispute orally or failure to specifically identify the individuals involved in the action grieved. In fact, the "Third Step Grievance Response" form states, "Based on the review, this writer finds staff properly responded to the grievance and addressed the

2

merits of the main issue grieved." (Complaint, docket #1, Exhibit 3.)  Consequently, the prison officials cannot now argue that Plaintiff's claim should be rejected because he failed to comply with prison policies regarding the procedural requirements for filing grievances.  *Cf. Maupin*, 785 F.2d 138; *Woodford*, 548 U.S. at 92.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed December 10, 2008, is approved and adopted as the opinion of the Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (docket # 19, 33) are **DENIED**.


Dated:     March 19, 2009              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE