UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DANIEL SCHUH #456902,

    Plaintiff,

v.

                                        Case No. 1:07-cv-725
                                        HON. ROBERT J. JONKER

J. DYKSTRA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Daniel Schuh #456902, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Food Service Supervisor J. Dykstra, Food Service Director Tom Lee, Warden John Prelesnik, MDOC Prisoner Affairs Manager James Armstrong, and MDOC Administrative Assistant Heidi Washington.

Plaintiff's complaint alleges that in July of 2005, while he was incarcerated in the administrative segregation unit at the Richard A. Handlon Training Unit in Ionia, Michigan, he became ill after having eaten fried chicken for lunch at the facility. Plaintiff was taken to the Ionia Hospital emergency room that evening, but signed himself out the same night after receiving a diagnosis of "heat-related illness." However, Plaintiff was sent back to the emergency room the next day because his symptoms had worsened. Plaintiff was admitted to the Ionia Hospital on July 12, 2005, and underwent a battery of tests. On July 18, 2005, Plaintiff was rushed to Foote Hospital in Jackson, Michigan. On July 20, 2005, Plaintiff was told by the attending physician that he had contracted a case of salmonella poisoning through eating bad food. Plaintiff was also told that he

had suffered liver and spleen damage and that he had nearly died. Plaintiff asserts that as the result of his illness, he lost 8.82% of his body weight.

Plaintiff claims that Defendants' actions violated his rights under the Eighth Amendment to the United States Constitution. Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants state that they are entitled to summary judgment in this case because they were not personally involved in any misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

In his affidavit, Dr. Pragna H. Pandya, M.D., attests that Plaintiff contracted a case of Salmonella Newport, which is normally associated with the consumption of beef. (Defendants' Exhibit A, ¶ 8.) In addition, Defendants offer a copy of the menu for the week of July 10, 2005, through July 16, 2005, which shows that chicken was not served in the cafeteria on July 10, 2005. (Defendants' Exhibit I.) Dr. Pandya attests that the main human defense mechanism against salmonella poisoning is the high acidity of the stomach, and that Plaintiff had been prescribed Prilosec in order to reduce the acid in his stomach as treatment for gastro-esophageal reflux disease (GERD). Because of the lack of stomach acid, Plaintiff was susceptible to infection by even a small amount of salmonella that might have been present in many foods derived from cattle, such as cheese, beef jerky, canned beef soup, or from turkey slices or turkey bologna. Dr. Pandya also notes that Salmonella Newport infections are usually epidemic, but no one else at the facility had a similar problem, even though other prisoners in the facility were on Prilosec. Dr. Pandya concluded that Plaintiff's salmonella infection was not associated with any food served at the facility dining hall,

and noted that he had heard of prisoners getting sick after eating fried chicken that had been saved or stolen from the kitchen and consumed later. (Defendants' Exhibit A, ¶¶ 7-14.)

Defendant Prelesnik attests that his only involvement in this case was as the Step II Respondent to Plaintiff's grievance appeal, which was filed on August 16, 2005. (Defendants' Exhibit D, ¶ 8.) Defendant Dykstra attests that she did not personally prepare any meals for Plaintiff and her only involvement was as Step I Respondent to Plaintiff's grievance. (Defendants' Exhibit E, ¶ 4.) Defendant Lee attests that as Food Service Director, he looked into Plaintiff's claim that he had gotten salmonella poisoning from chicken served at a noon meal on July 10, 2005, and could find no other cases of food borne illness. Lee states that meals served in segregation are made from random pans of food, portioned into random trays and distributed randomly by Corrections Officers in the Unit, so that there is no evidence that Plaintiff was intentionally given salmonella contaminated food. Defendant Lee attests that he had no direct involvement in food preparation on July 10, 2005, and that his only involvement in the underlying case was as Step I grievance reviewer. (Defendants' Exhibit F, ¶¶ 3-8.) Finally, Defendant Washington attests that her only involvement in the case was in responding to a letter from Paula Condon regarding Plaintiff's claim that he had been poisoned. (Defendants' Exhibit G, ¶¶ 4-5.) Because Defendants' only roles in this action involve the denial of administrative grievances or the failure to act, they cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Defendants are entitled to summary judgment for lack of personal involvement.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, Defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' motion for summary judgment (Docket #47) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the

undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: February 2, 2010

undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

  /s/ Timothy P. Greeley
  TIMOTHY P. GREELEY
  UNITED STATES MAGISTRATE JUDGE

Dated: February 2, 2010