UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DANIEL SCHUH #456902,

    Plaintiff,

CASE NO. 1:07-CV-725

v.

HON. ROBERT J. JONKER

J. DYKSTRA, et al.,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 59) and Plaintiffs' Objections to it (docket # 64). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 47) be granted and the case dismissed. It further concludes that there is no good-

faith basis within the meaning of 28 U.S.C. § 1915(a)(3) to appeal the action. None of Plaintiff's objections cast doubt on the Magistrate Judge's conclusions. After de novo review, the Court adopts the Report and Recommendation as supplemented by this Order.

Plaintiff first objects that Defendants waived their objections by failing to raise them in their first motion for summary judgment. This contention is without merit. "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 912 (6th Cir. 2004); *see* FED. R. CIV. P. 8(c). Defendants first motion for summary judgment was not a responsive pleading that would trigger Rule 8(c). Accordingly, Defendants did not waive any affirmative defenses by filing their first motion for summary judgment. *See Horton*, 369 F.3d at 912.

Plaintiff next objects generally that Defendants are not entitled to summary judgment or qualified immunity because he contracted a food-borne illness and was served prison food while in segregation. This contention, however, is insufficient to survive summary judgment. To state a section 1983 claim, a plaintiff must allege a deprivation of rights secured by the Constitution and laws of the United States. *See Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988). The undisputed record shows that the meals served in segregation are made from random pans of food, portioned into random trays, and distributed randomly by officers in the prison. There is no evidence that anyone else at the prison contracted a food-borne illness or that any Defendant intended to harm Plaintiff through contaminated food. At most, the record establishes that Plaintiff accidentally contracted an illness for which he obtained medical care. This is insufficient to state a constitutional violation. *See Cardinal v. Metrish*, 564 F.3d 794, 801-02 (6th Cir. 2009).

Plaintiff last objects that the Court should not certify that his appeal would not be taken in good faith. This contention, too, is without merit. *See* 28 U.S.C. § 1915(a)(3); *cf. Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 2, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion to for summary judgment (docket # 47) is **GRANTED** and this case is dismissed in its entirety. The Court hereby certifies that any appeal from this order would not be taken in good faith.

Dated:   March 11, 2010          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE